COURT OF APPEALS

DECISION

DATED AND FILED

July 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1347**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV1141

IN COURT OF APPEALS
DISTRICT IV/I

---

DISABILITY RIGHTS WISCONSIN, LEAGUE OF WOMEN VOTERS OF WISCONSIN, MICHAEL R. CHRISTOPHER, STACY L. ELLINGEN, TYLER D. ENGEL AND DONALD NATZKE,

   PLAINTIFFS-RESPONDENTS,

   V.

WISCONSIN ELECTIONS COMMISSION, MEAGAN WOLFE, AS ADMINISTRATOR OF WEC, DON MILLIS, AS COMMISSIONER OF WEC, ROBERT SPINDELL, JR., AS COMMISSIONER OF WEC, MARGE BOSTELMANN, AS COMMISSIONER OF WEC, ANN JACOBS, AS COMMISSIONER OF WEC, MARK THOMSEN, AS COMMISSIONER OF WEC AND CARRIE RIEPL, AS COMMISSIONER OF WEC,

   DEFENDANTS-APPELLANTS,

WISCONSIN STATE LEGISLATURE,

   INTERVENOR-DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: EVERETT D. MITCHELL, Judge. *Reversed and cause remanded with directions*.

Before Donald, P.J., Geenen, and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. The Attorney General, who represents the Wisconsin Elections Commission, its administrator, and its individual members (collectively the Defendants), appeals from an order of the trial court granting the Legislature's motion to intervene in a lawsuit brought by Disability Rights Wisconsin, League of Women Voters of Wisconsin, Michael R. Christopher, Stacy L. Ellingen, Tyler D. Engel, and Donald Natzke (collectively the Plaintiffs). Because the trial court's order granting the Legislature's motion to intervene is devoid of any legal reasoning or factual findings, we reverse and remand with directions.

## BACKGROUND

¶2      On April 16, 2024, the Plaintiffs filed a lawsuit against the Defendants, alleging that Wisconsin's statutory absentee-voting scheme violates the Americans with Disabilities Act, the Rehabilitation Act, the Wisconsin Constitution, and the United States Constitution.

¶3      The Legislature moved to intervene under WIS. STAT. § 803.09 (2023-24).[1]  In particular, the Legislature argued that it had a right to intervene under § 803.09(2m) on the grounds that the Plaintiffs challenged the constitutionality of Wisconsin's absentee-voting laws.  The Legislature also

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

argued that it had a right to intervene under § 803.09(1) because its request was timely, it has a substantial interest in the subject matter of the lawsuit, the disposition of the lawsuit may impede the Legislature's interests, and no other party adequately represents the Legislature's interests. Lastly, the Legislature asserted that the trial court should exercise its discretion and grant permissive intervention under § 803.09(2).

¶4 The Plaintiffs did not take a position on the Legislature's intervention, however, the Attorney General did. The Attorney General contended that the Legislature's intervention under WIS. STAT. § 803.09(1) and (2m) violated the separation of powers doctrine, the Legislature did not meet the statutory standard for intervention under § 803.09(1), and permissive intervention under § 803.09(2) should be denied.

¶5 On June 24, 2024, the trial court heard oral argument on the Legislature's intervention motion and a motion filed by the Plaintiffs seeking an injunction. At the conclusion of the hearing, the trial court did not make an oral ruling. The next day, the trial court issued a written order granting the injunction and a separate written order ruling in favor of the Legislature as to intervention. The written order granting the Legislature grounds to intervene provides in its entirety:

> After considering Proposed-Intervenor Defendant's Notice Of Motion And Motion To Intervene, as well as the parties' briefing and supporting materials and any oral arguments before the Court, this Court ORDERS that Proposed-Intervenor Defendant's Motion To Intervene is GRANTED.
>
> SO ORDERED.

(Emphasis omitted.)

¶6     The Attorney General petitioned for leave to appeal the trial court's order granting the Legislature's motion to intervene, and this court granted the petition. This appeal follows.[2]

## DISCUSSION

¶7     On appeal, the Attorney General argues: (1) WIS. STAT. § 803.09(2m) is unconstitutional as applied in violation of the separation of powers because the executive branch is defending the case; (2) the Legislature failed to meet the standards for intervention set forth in § 803.09(1); and (3) the Legislature could not permissively intervene under § 803.09(2).[3]

¶8     As the Attorney General observes, the trial court granted the Legislature's motion to intervene, but did not explain why. The trial court's one-page decision does not state whether it believes the Legislature was entitled to intervene as a matter of right under WIS. STAT. § 803.09(2m) or (1) or if the trial court was granting permissive intervention under § 803.09(2). Nor does the trial court's decision make any factual findings.

¶9     While Wisconsin does not have a specific rule requiring a trial court to state its reasons for granting or denying a motion to intervene, the absence of any legal reasoning or factual findings deprives the parties and the public of knowledge of the grounds for the trial court's decision. *See generally **Democratic***

---

[2] The Legislature appealed the injunction and the District II Court of Appeals concluded that the trial court erred in granting the injunction and reversed. ***Disability Rights Wisconsin v. WEC***, 2025 WI App 27, 416 Wis. 2d 151, 20 N.W.3d 790.

[3] Although declining to take a position in the trial court, the Plaintiffs on appeal join the Attorney General in asking that this court reverse the decision granting the Legislature's motion to intervene.

*Party of Wis. v. DOJ*, 2016 WI 100, ¶10, 372 Wis. 2d 460, 888 N.W.2d 584 (noting in a public records challenge that Wisconsin is "firmly committed to open and transparent government"). Additionally, the absence of any legal reasoning or factual findings creates a difficult situation for a reviewing court. It is well established that the court of appeals cannot make any factual findings. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 108-09, 293 N.W.2d 155 (1980).

¶10 Here, given the complete absence of any legal reasoning or factual findings from the trial court, we reverse and remand. We believe that a decision from the trial court setting forth legal reasoning and factual findings would assist us in fully and fairly deciding the complex issues presented in this case.[4]

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] We note that the Attorney General does not identify the applicable standard of review for any of the three issues it presents. Even if we assume that all of the issues in this case present questions of law subject to independent review, we would still benefit in this case from factual findings. For example, the Attorney General's second issue contests whether the Legislature met the statutory standard for intervention as of right under WIS. STAT. § 803.09(1). While the question of whether to grant or deny intervention under § 803.09(1) is reviewed independently, "[t]he analysis is holistic, flexible, and highly fact-specific." *Helgeland v. Wisconsin Muns.*, 2008 WI 9, ¶¶40-41, 307 Wis. 2d 1, 745 N.W.2d 1 (footnote omitted). Our supreme court has observed that "intervention 'as of right' usually turns on judgment calls and fact assessments that a reviewing court is unlikely to disturb except for clear mistakes." *Id.*, ¶41 (citing *Daggett v. Commission on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)). Thus, factual findings from the trial court would assist us in fully and fairly deciding this case.